IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY LEE ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-140 |
| | ) | (Formerly CR 109-139) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary in Lompoc, South California, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing or appointment of counsel, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

#### A. Indictment

On September 2, 2009, the grand jury in the Southern District of Georgia charged Petitioner in a two-count indictment with one count of possession of a stolen firearm and one count of possession of a firearm and ammunition by a convicted felon. United States v. Roberson, CR 109-139, doc. no. 1 (S.D. Ga. Sept. 2, 2009) (hereinafter "CR 109-139"). The felon in possession charge, brought pursuant to 18 U.S.C. § 922(g)(1), also included an

Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e). The enhancement applies when a defendant has at least three prior convictions for a violent felony or serious drug offense. Id. at 2 and doc. no. 2. The statutory minimum penalty for an ACCA conviction is fifteen years imprisonment, and the statutory maximum is life imprisonment. CR 109-139, doc. no. 2. Without the § 924(e) enhancement, the felon in possession count carried a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a). The Court appointed attorney Benjamin Brewton under the Criminal Justice Act to represent Petitioner. CR 109-139, doc. no. 26.

### B. Agreement to Plead Guilty

On September 29, 2010, Petitioner pled guilty to felon in possession charge, and in exchange the government dismissed the stolen firearm charge. Id., doc. nos. 44-46. As part of the plea agreement, Petitioner admitted that he had been previously convicted of at least three violent felony offenses: burglaries committed in 1986, 1992, 1997, as well as an attempted burglary in 1991. Id., doc. no. 46, pp. 7-8. Petitioner's plea agreement also included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id. at 6-7. By signing the plea agreement, Petitioner additionally attested that he had read and understood the plea agreement and that it accurately set forth the terms and conditions of

2

his agreement with the government. Id. at 13.

At the guilty plea hearing, United States District Judge J. Randal Hall first queried Petitioner as to his competence to proceed and found that he was competent to enter a guilty plea if he so desired. CR 109-139, doc. no. 68, (hereinafter "Rule 11 Tr."), pp. 6-8, 27-28. Judge Hall then explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. Id. at 8-12. Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id. Judge Hall also reviewed the charges in Petitioner's case and the possible statutory penalties for the charge to which Petitioner was pleading guilty. Id. at 12-13, 23-24.

Judge Hall heard a factual basis for the guilty plea from Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, Firearms and Explosives, including that Petitioner had at least five prior felony convictions: four burglary convictions and a conviction for criminal attempted burglary. (Id. at 13-19.) When asked by Judge Hall if he disagreed with the factual recitation from Special Agent Rhodes, Petitioner did not object to anything about his prior convictions. (Id. at 19-20.) Indeed, Petitioner testified under oath that he understood the elements of, was guilty of, and wanted to plead guilty to the felon in possession charge, including that he had previously been convicted of "a number of felonies." (Id. at 12, 20.)

### C. Sentencing

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category

3

at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶¶ 23, 38, 57. The PSI specifically delineated that Petitioner had at least three previous convictions for burglary that made him subject to an ACCA enhancement under 18 U.S.C. § 924(e). PSI ¶¶ 21 (citing Part B Criminal History), 38. Petitioner filed ten objections to the PSI, but he did not object to the use of his prior burglary convictions to determine he qualified for an ACCA enhancement. See PSI Add.; CR 109-139, doc. no. 61 (hereinafter "Sent. Tr."), pp. 1-39. Instead, Petitioner argued that the Offense Level (and ultimately the Total Offense Level) had been incorrectly calculated under U.S.S.G. § 4B1.4 as thirty-four rather than thirty-three because he did not use a firearm in connection with a crime of violence as it related to the crime to which he was pleading guilty. PSI Add. ¶¶ 6, 7; Sent. Tr., pp. 28-29. The offense level for an armed career criminal is thirty-four "if the defendant used or possessed the firearm or ammunition in connection with" a crime of violence or a controlled substance offense as defined in the Guidelines, otherwise thirty-three. U.S.S.G. § 4B1.4(b)(3).

Judge Hall overruled the Offense Level objection at the sentencing on March 7, 2011, as well as the related objection that the Total Offense Level, calculated after the three point acceptance of responsibility reduction from the Offense Level, was incorrect. PSI Add. ¶¶ 6, 7; Sent. Tr., pp. 29-30. After hearing from defense counsel and Petitioner in mitigation, Judge Hall imposed a sentence of 225 months imprisonment, along with a five-year term of supervised release, and a $100 special assessment. Sent. Tr., pp. 40-48; CR 109-139, doc. no. 52. The Court entered judgment on March 9, 2011. CR 109-139, doc. no. 52.

### D. Direct Appeal

Despite the appeal waiver in the plea agreement, Petitioner filed a direct appeal. Id.,

doc. no. 54. Although Petitioner had conceded under oath before Judge Hall that he had the qualifying prior convictions for an ACCA enhancement, on appeal he challenged the use of his burglary convictions as predicate offenses. Id., doc. no. 70, United States v. Roberson, No. 11-14137 (11th Cir. Oct. 18, 2012). The Eleventh Circuit Court of Appeals found that the burglary offenses counted as predicate ACCA offenses, and accordingly that the appeal waiver applied because the sentence imposed did not exceed the statutory maximum. Id. at 4 n.3.

### E. § 2255 Proceedings

Petitioner signed the instant motion on June 18, 2014, and the Clerk of the Court filed it on June 23, 2014. (Doc. no. 1, p. 13.) In his § 2255 motion, Petitioner raises one ground for relief alleging improper designation as an armed career criminal under 18 U.S.C. § 924(e), and thus improper application of U.S.S.G. § 4B1.4 in calculating his sentence. (Id. at 4.) Relying on Descamps v. United States, 133 S. Ct. 2276 (2013), Petitioner argues that the prior burglary convictions were not qualifying violent felonies under the ACCA. Petitioner does not ask to withdraw his guilty plea; he asks only to be resentenced without the § 924(e) enhancement. (Doc. no. 1, p. 13.)

Respondent contends that Petitioner's § 2255 motion should be denied because the burglary convictions count as predicate offenses. Respondent does not attempt to invoke the collateral attack waiver in the plea agreement. Nor does it argue that the statute of limitations bars Petitioner's § 2255 motion, presumably because Petitioner filed it within one year of the decision in Descamps. (Id. at 5.)

5

## II. DISCUSSION

### A. Petitioner Is Not Entitled to an Evidentiary Hearing or Appointment of Counsel.

In his request for relief, Petitioner asks for both an evidentiary hearing and appointment of counsel. (Doc. no. 1, p. 13.) Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Petitioner's request for one should be denied.

Nor is Petitioner entitled to appointment of counsel. While it is true that the Court appoints counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings when an evidentiary hearing is held, as explained herein, an evidentiary hearing is not necessary in this case. Indeed, there is no automatic constitutional right to counsel in habeas

proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438. Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[i]t is well established that indigents applying for federal or state post-conviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel." Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 158 (2014 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. McCall, 495 F. App'x at 31. Petitioner does not offer any basis for his request for appointed counsel other than presumably to represent him at an evidentiary hearing on his § 2255 motion or at a new sentencing. However, Petitioner is not entitled to a hearing or a new sentencing proceeding, and his request for appointment of counsel should be denied.

**B. Petitioner's § 2255 Motion is Time-Barred.**

It is undisputed that Petitioner filed this § 2255 motion more than one year after the date his judgment of conviction became final ninety days after the conclusion of his direct appeal to the Eleventh Circuit. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir.

2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Petitioner contends his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in <u>Descamps</u>, 133 S. Ct. 2276, on June 20, 2013. (Doc. no. 1, p. 12.) Pursuant to § 2255(f)(3), the deadline for filing a § 2255 motion can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Section § 2255(f)(3) does not open the door to Petitioner's untimely motion because neither the Supreme Court nor the Eleventh Circuit has held that <u>Descamps</u> applies retroactively. <u>See</u> <u>Nipper v. Warden, FCC Coleman-Medium</u>, 597 F. App'x 581, 2015 WL 106855, at *2 (11th Cir. 2015) (rejecting argument of § 2241 petitioner that <u>Descamps</u> applies retroactively on collateral review); <u>Wilson v. Warden, FCC Coleman</u>, 581 F. App'x 750, 753 (11th Cir. 2014) (same); <u>United States v. Upshaw</u>, Nos. 4:02cr3/4:14cv278, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014) (collecting cases holding that <u>Descamps</u> does not apply retroactively). "Beyond that, <u>Descamps</u> was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." <u>Nipper</u>, 2015 WL 106855 at *2; <u>Wilson</u>, 581 F. App'x at 753. Because <u>Descamps</u> does not apply retroactively to cases on collateral review, it does not trigger § 2255(f)(3). Thus, Petitioner's motion is untimely.

**C. Even if Petitioner's § 2255 Motion Was Not Time-Barred, He Cannot Prevail on the Merits Because His Prior Burglary Convictions Qualify as Predicate Offenses Under the ACCA.**

Petitioner argues that his prior burglary convictions do not qualify as predicate offenses under the ACCA, which defines "violent felony," in pertinent part, as any felony "that is burglary, arson, or extortion . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense for burglary, arson, or extortion, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate offenses of burglary, arson, and extortion, courts apply the elements of these "generic" crimes as commonly understood. Id.

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Id. A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. Id. In such an instance, courts must look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Id.

After identifying the specific elements that formed the basis of the prior conviction, courts make the comparison between those elements and the elements of the ACCA predicate offense. This method of comparison for divisible statutes is the "modified categorical approach." As common sense suggests, the Supreme Court held in Descamps that courts may not apply the modified categorical approach when the charging statute for the prior conviction is indivisible. This is because the charging statute sets out only one set of elements with no alternatives, and reference to extraneous documents is unnecessary to determine the elements of the prior conviction. Id. at 2286.

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012). The Georgia statute is divisible because a person can commit burglary by unlawful entry into not only a building or structure, but also a vehicle, railroad car, watercraft, or aircraft. Id.

Utilizing the modified categorical approach, there is no question that Petitioner's prior burglary convictions qualify as ACCA predicate offenses. The exhibits attached to the government's opposition brief, all of which fall within the scope of documents properly

10

considered under the modified categorical approach, confirm that Petitioner has at least three prior burglary convictions under O.C.G.A. § 16-7-1 involving the unlawful entry into a building with the intent to commit a crime. (Doc. no. 3, Exs. C-F.) Because the elements of this specific offense under O.C.G.A. § 16-7-1 are narrower than the elements of the generic ACCA offense, Petitioner's prior burglary convictions qualify as predicate offenses under the ACCA. Indeed, while the generic offense merely requires unlawful entry into a building with the intent to commit any crime, O.C.G.A. § 16-7-1 more narrowly requires unlawful entry into a building with the intent to commit a felony or theft. See Taylor, 495 U.S. at 598.

The conclusion that the prior Georgia burglary offenses qualify as predicate ACCA burglary offenses should come as no surprise to Petitioner. He admitted the existence of these prior convictions as part of his guilty plea, and he never challenged their proper categorization as ACCA predicate offenses at any time during his underlying criminal case before Judge Hall. CR 109-139, doc. no. 46, pp. 7-8. Indeed, Petitioner filed ten objections to the PSI, none of which contained any suggestion that the PSI improperly categorized these Georgia burglary convictions as ACCA predicate offenses. PSI ¶¶ 26, 28, 29, 34; PSI Add.; Sent. Tr. As the Eleventh Circuit ruled in the direct appeal, Roberson, No. 11-14137, slip. op. at 4, Petitioner invited the purported error of which he now complains, and under the invited error doctrine, the issue is now precluded from review. United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) ; see also United States v. Wiwo, 481 F. App'x 478, 479 (11th Cir. 2012) (analyzing, though ultimately rejecting on the merits, invited error argument in § 2255 proceedings); Leverett v. Spears, 877 F.2d 921, 924 (11th Cir. 1989) (applying invited error doctrine in § 2254 proceeding).

Petitioner argues that O.C.G.A. § 16-7-1 is not divisible and in support cites three cases decided by the Eleventh Circuit, United States v. Howard, 742 F.3d 1334, 1348 (11th Cir. 2014); United States v. Jones, 743 F.3d 826, 828-29 (11th Cir. 2014); and United States v. Estrella, 758 F.3d 1239, 1243 (11th Cir. 2014). These cases concern Alabama's third degree burglary statute and a Florida statute prohibiting shooting or throwing missiles into specified locations, not O.C.G.A. § 16-7-1. Courts considering O.C.G.A. § 16-7-1 agree it is divisible and that a prior conviction under this statute for unlawful entry into a building qualifies as a predicate ACCA burglary offense. United States v. Harris, 569 F. App'x 839, 841 (11th Cir. 2014); Sagoes v. United States, Nos. 1:09CR-49, 1:11CV-1188, 2014 WL 1681596, at *7 (N.D. Ga. Apr. 28, 2014).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing or appointment of counsel, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 4th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA