IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY LEE ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-140 |
| | ) | (Formerly CR 109-139) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 7). The Magistrate Judge recommended dismissal of Petitioner's motion filed pursuant to 28 U.S.C. § 2255 because it is time-barred, and even if not time-barred, the motion has no merit because Petitioner's prior burglary convictions were properly counted as predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). (See doc. no. 5.) Nothing in Petitioner's filing undermines the Magistrate Judge's analysis, and the Court **OVERRULES** the objections.

The Court also denies Petitioner's request in his objections (doc. no. 7, p. 3) that the Court postpone a final decision on his §2255 motion until after the United States Supreme Court decides Johnson v. United States, No. 13-7120, (U.S., argued Apr. 20, 2015). In that case, the Supreme Court specifically asked the parties to brief the following issue, "Whether

the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague." Id. There is no need to await the Supreme Court's decision for purposes of deciding Petitioner's pending motion because there is no guarantee as to what the Supreme Court will decide, let alone whether any such ruling would be applicable on collateral review. See Teague v. Lane, 489 U.S. 288, 311-13 (1989) (explaining requirements for applying a new rule retroactively to cases on collateral review).

Moreover, Petitioner has not demonstrated the relevance of the Supreme Court's decision in Johnson to this case because he admitted the existence of his prior convictions as part of his guilty plea and never challenged their proper categorization as predicate offense at any time during his underlying criminal case before the undersigned. (Doc. no. 5, p. 11.) Thus, Petitioner invited the purported error of which he complains, and under the invited error doctrine, the issue is precluded from review. (Id. (collecting Eleventh Circuit cases applying invited error doctrine in collateral proceedings).) Finally, even if the Supreme Court's decision were to have some eventual application to Petitioner's allegation of error regarding his predicate offenses, § 2255 provides mechanisms whereby Petitioner could attempt to raise any new claim he believes he may have under the Supreme Court's eventual ruling in Johnson. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** without an evidentiary hearing the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules

2

Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 18th day of June, 2015, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.