IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY LEE ROBERSON | * | |
| Petitioner, | * | |
| | * | CV 114-140 |
| vs. | * | (Formerly CR 109-139) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

On May 4, 2015, the United States Magistrate Judge entered a Report and Recommendation respecting Petitioner Bobby Lee Roberson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Through his § 2255 motion, Roberson challenged his designation as an armed career criminal under 18 U.S.C. § 924(e), arguing that his prior burglary convictions were not qualifying violent felonies under the Armed Career Criminal Act ("ACCA"). The Magistrate Judge recommended dismissal of the § 2255 motion as untimely, and even if not time-barred, the motion was without merit because the prior burglary convictions were properly counted as predicate offenses under the ACCA. (See Report and Recommendation, Doc. 5.)

On May 19, 2015, Roberson filed an objection to the Report and Recommendation in which he asks the Court to

postpone its final decision on his § 2255 motion until after the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). At that time, the Johnson case had been argued but not decided, and this Court was unwilling to presume that the decision would be favorable to Roberson's case; therefore, this Court dismissed Roberson's § 2255 petition on June 18, 2015. (Doc. 9.)

On June 26, 2015, the Johnson decision was handed down, wherein the United States Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. On July 20, 2015, Roberson filed a timely motion to alter or amend the judgment in this case under Federal Rule of Civil Procedure 59(e).[1]

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994). Here, Roberson invokes the Johnson decision

---

[1] Because Roberson deposited his Rule 59(e) motion into the prison mailbox on July 14, 2015, it was timely filed within 28 days of the Court's judgment on June 18, 2015.

2

as an intervening change in the law, claiming that his burglary convictions fall under the residual clause of the ACCA and therefore cannot be used to enhance his sentence.

Upon review of the merits of Roberson's motion to alter or amend the judgment, the Court concludes that his reliance on Johnson is misplaced. The ACCA provides a sentence enhancement for a defendant who has three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the "elements clause"); (2) is a burglary, arson, or extortion, [or] involves use of explosives" (known as the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (known as the "residual clause"). 18 U.S.C. § 924(e)(2)(B). The Johnson decision struck down the residual clause of the ACCA, not the other two clauses.

In the Report and Recommendation of May 4, 2015, the Magistrate Judge carefully explained that Roberson's prior burglary convictions fall under the "enumerated offenses clause." As explained, this conclusion follows from the fact that Georgia has a divisible burglary statute and Roberson's burglaries involved "buildings," qualifying as "generic

3

burglary" under the ACCA. (See Report and Recommendation, doc. 5, at 9-11.) As stated in the Report and Recommendation, and equally apropos here, "[t]he conclusion that the prior Georgia burglary offenses qualify as predicate ACCA burglary offenses should come as no surprise to [Roberson]." (See id. at 11.) In short, because Roberson was designated as an armed career criminal for three enumerated offenses (i.e., burglaries), Johnson is completely irrelevant to his claims. As such, he is not entitled to relief from the judgment entered against him in this § 2255 case.

Upon the foregoing, Roberson's motion to alter or amend judgment under Rule 59(e) (doc. 11) is **DENIED**. Further, Roberson's "Motion Requesting to Re-file 2255" and the request for appointment of counsel (doc. 13) therein are **DENIED AS MOOT**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that the Eleventh Circuit recently dismissed Roberson's application to file a second or successive § 2255 motion because it was premature. See In re: Bobby Lee Roberson, Case No. 16-13743 (11th Cir. July 11, 2016). The Eleventh Circuit explained that Roberson's initial § 2255 motion, the instant one, had not been concluded because this Court had not ruled upon his Rule 59(e) motion. Id.

4