FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 APR 27 PM 2: 59

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-139 |
| | * | |
| BOBBY LEE ROBERSON | * | |

**O R D E R**

Pending before the Court is Defendant Bobby Lee Roberson's motion for compassionate release.[1] (Doc. 100.)  For the following reasons, the motion is granted.

On September 29, 2010, Defendant pleaded guilty to possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(i).  Defendant was sentenced to a 225-month prison term with a subsequent five-year term of supervised release.  While incarcerated at Butner Federal Medical Center ("Butner") in March of 2015, Defendant was diagnosed with Stage IIB cutaneous T-cell lymphoma with extensive skin involvement.  At the time of writing, Defendant's life expectancy is fourteen months.  (See Comprehensive Medical Summary, Doc. 100-1, at 1.)[2]

---

[1] Defendant's motion for leave to file a supplement to the motion for compassionate release (Doc. 106.) is also **GRANTED**.

[2] This document, Defendant's Comprehensive Medical Summary, states that Defendant has been diagnosed with a terminal condition with a life expectancy of 18 months.  The Summary was prepared on November 22, 2019 by a physician at Butner.

A defendant seeking compassionate release must exhaust all administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). Defendant first requested relief from Butner's Warden, who forwarded Defendant's request to the Bureau of Prison's ("BOP") Central Office with a recommendation for release. (See Doc. 100-4.) On December 27, 2019, the BOP's Central Office denied Defendant's request for compassionate release. (See Doc. 100-7.) The BOP reasoned that Defendant's life expectancy was "indeterminate" because "he does not have end-of-life indicators that would establish a terminal prognosis[,]" seemingly ignoring the Butner physician's prognosis. (Id.) Thus, Defendant exhausted administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Defendant has also supplied a release plan pursuant to 28 C.F.R. § 571.61 which the United States Probation Office has approved. (See Docs. 100-5, 100-6.)[3] Therefore, the Court may consider the present motion.

Defendant satisfies the extraordinary and compelling justification for a sentence reduction. The United States Sentencing Guidelines advise that "extraordinary and compelling reasons" include occasions when "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an

---

[3] If released, Defendant will live in Hephzibah, Georgia with his brother, who will provide support and care for Defendant. (See Doc. 100-5.)

2

end of life trajectory)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1 (U.S. SENTENCING COMM'N 2019). Defendant's prognosis is terminal, and imminently so.

The United States urges the Court to disregard the Butner physician's terminal prognosis because the Comprehensive Medical Summary does not sufficiently explain the prognosis. Instead, the United States asks that the Court look to the report of Dr. Jeffery Allen, the BOP's medical director. Dr. Allen reviewed Defendant's medical file and concluded that no "end-of-life indicators" existed to establish a terminal prognosis. (See Doc. 105-2, at 2.) However, the Comprehensive Medical Summary contains sufficient information - including diagnosis history, survival rates, and attempted treatments - for the Court to conclude that Defendant is suffering from a terminal illness and meets the extraordinary and compelling circumstances threshold.

The United States also highlights Defendant's apparent lack of functional impairment. However, a Program Statement from the BOP interpreting the compassionate release statute states "functional impairment . . . is not required for inmates diagnosed with terminal medical conditions." Program Statement 5050.50, at 4, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), Federal Bureau of Prisons (Jan. 17, 2019).

The global COVID-19 pandemic, to which Defendant is susceptible because of his condition, makes his situation even more compelling.[4]  Of note, on April 3, 2020 the United States Attorney General released a memo prioritizing home confinement for prisoners incarcerated at facilities with particularly high infection rates.  See Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/1266661/download (last visited Apr. 23, 2020).  Butner is now included in that list of facilities. See Dan Kane, Butner Stepping Up Early Release of Inmates as Coronavirus Cases Spike, THE NEWS & OBSERVER (April 7, 2020), https://www.newsobserver.com/news/coronavirus/article241843076.html (reporting that a BOP spokeswoman stated that Butner is now a prison prioritized for home confinement).

The United States argues that Defendant has not exhausted his administrative remedies with respect to his COVID-19 argument. However, Defendant is not asserting a separate ground for release based on the COVID-19 pandemic but arguing that his cancer and cancer treatments place him at higher risk of suffering a severe case of COVID-19 should he contract it.  See United States v.

---

[4] Butner currently faces a significant outbreak of COVID-19. See Shawn Taylor, Butner Has Nation's Worst Prison COVID-19 Outbreak; Families Describe Anxiety, Worry Among Inmates, THE WAKE WEEKLY (Apr. 8, 2020), https://wakeweekly.com/stories/butner-hasnations-worst-prison-covid-19-outbreak-families-describe-anxiety-worry-among-inmates,205817.

4

Miller, No. 16-20222-1, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) ("The COVID-19 pandemic merely accentuates [defendant's] meritorious claims for release.").

Finally, courts must also consider 18 U.S.C. §§ 3553(a) and 3142(g) when deciding requests for compassionate release. The Court finds that these factors weigh in favor of Defendant's release, especially considered alongside Defendant's release plan.

Upon due consideration, **IT IS HEREBY ORDERED** that Defendant's motion for compassionate release (Doc. 100) is **GRANTED** and his sentence be reduced to **TIME SERVED**. All other conditions imposed regarding Defendant's sentence are unaltered by this Order.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5